IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 3:22-cv-50128 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

The Plaintiff, JOHN DOE, by and through his attorneys at DVORAK LAW OFFICES, LLC, respectfully requests this Court for an order to proceed in this matter anonymously, and in support, the Plaintiff states the following:

1. The Plaintiff has been allowed to proceed anonymously in *Doe. v. Maybury, et al.* (N. D. Ill. Case No. 3:21-cv-50384), a suit against the individual officers involved in the incidents set forth in the Complaint in this action. The above-captioned suit is a separate FTCA suit against the United States of America.

2. To proceed anonymously, a party must demonstrate "exceptional circumstances" that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity. *Doe v. Vill. Of Deerfield,* 819 F.3d 372, 377 (7th Cir. 2016); see also *Does I-XXIII v. Advanced Textile Corporation*, 214 F.3d 1058, 1067 (9th Cir. 2000).

3. The Seventh Circuit has identified categorical "exceptional circumstances" that allow for use of fictitious names such as to protect the privacy of minors, rape victims, or other particularly vulnerable parties or witnesses. *Doe v. Trp Acquisition Inc.,* 2016 WL 3671505, at *2 (N.D. Ill. July 11, 2016)(Citing: *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir. 1997)).

4. The test for granting use of a fictitious name is met here. The Plaintiff was the victim of rape and sexual misconduct.

5. The Plaintiff also is a vulnerable party because he alleges he was falsely labelled a sex offender and child molester by an employee of the Defendant in this case, and even though this is not true, if inmates at his current federal correctional facility learned of this information, it would put his personal security at risk.

6. This litigation involves the disclosure of stigmatizing sexual information including details of sexual violence.

7. The Plaintiff has a legitimate fear of being subjected to harassment, embarrassment, reputational harm, and retaliation if his identity were to be made public.

8. The Defendant will not be prejudiced if the Court allows the Plaintiff to proceed anonymously.

9. Balancing the interests of the Parties, this Court should grant the Plaintiff's motion in order to protect his status as a vulnerable individual.

10. The Plaintiff has no objection if this motion is granted on a temporary basis, or without prejudice, until the parties are served and get an opportunity to object to this request.

                                            Respectfully submitted,

                                            s/Richard Dvorak
                                            One of the attorneys for the Plaintiff

Prepared by:
Richard Dvorak
Dvorak Law Offices, LLC
6262 Kingery Hwy
Willowbrook, IL 60527
(312) 593-7146
Richard.dvorak@civilrightsdefenders.com

## CERTIFICATE OF SERVICE

I, Richard Dvorak, an attorney hereby certify that I caused the attached **PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY** to be filed with the Clerk of Court on April 26, 2022, via the Court's electronic filing system.

                                            s/Richard Dvorak
                                            One of the attorneys for the Plaintiff

Prepared by:
Richard Dvorak
Dvorak Law Offices, LLC
6262 Kingery Hwy
Willowbrook, IL 60527
(312) 593-7146
Richard.dvorak@civilrightsdefenders.com